For plaintiff: E. H. McCarthy.

For defendant: Everard Appleton.

---

### 345

Francesco Lopes
vs. } No. 44711
Arthur Fonseca, et al.

RESCRIPT

May 17, 1919

TANNER, P. J. The plaintiff in the above entitled case sold the whole of his stock in a grocery store to the defendants. He afterwards brought

the present suit to recover a portion of the purchase price and attached the goods sold. These goods were afterwards sold under an order of the Court and the proceeds were deposited in the registry of the Court.

The Narragansett Wholesale Grocery Company is a creditor of the plaintiff Lopes and has brought suit against Lopes and has attached, or attempted to attach the goods in question after they were attached by Lopes in the suit against Fonseca. The Narragansett Wholesale Grocery Company has filed its petition to intervene after obtaining judgment against Lopes and asks for an order to pay its judgment out of the proceeds of the sale of said goods in the registry of the Court. The Narragansett Wholesale Grocery Company claims that the sale by Lopes to Fonseca was void under the Sales in Bulk Act, because made without notice to creditors as required by statutes.

It would be sufficient to determine this question to state that the plaintiff Lopes disputes the fact that notice was not given according to statute so as to make said sale invalid.

In Grotton Mfg. Co. vs. Rhode Island Dairy, 11 R. I. 129, the Court refused to allow an intervenor claiming a lien upon the goods of his tenant for rent to intervene in an action by a third party against the tenant in which the goods of the tenant were attached. The Court refused to allow the intervention upon the ground that there was a dispute as to the validity of the lien. In the present case there is a dispute as to the validity of the sale.

### 346

We think there is a further objection. We are unable to see, to our satisfaction, how the intervenor in this case has acquired any lien. It is only one who has a valid lien or legal interest in property who is allowed to intervene in any case. The only lien that the Narragansett

Wholesale Grocery Company could have in this case would be a lien of a valid attachment. The attachment was made after an attachment had been placed upon the goods in the suit of Lopes vs. Fonseca. It is considered proper to permit a second attachment against the same defendant by a third party by placing the writ in the hands of the first attaching officer. We have not, however, been able to find anywhere a precedent for permitting a second attachment in an action against a different defendant. This is an unprecedented extension of the principle of the general rule not permitting an attachment of funds in the hands of the Court. We do not feel that we have the right to make any such extension until a satisfactory precedent is cited. No such precedent has been cited and we have been able to find none. It is outside the definition of a proper secondary attachment as made by all the authorities we have seen.

We must therefore decline to allow intervention and leave the petitioner to his remedy in equity.

Petition denied.

For plaintiff: Pettine & DePasquale.

For defendant: James E. Brothers.

For intervening petitioner: C. Z. Alexander.